JWD AUTOMOTIVE, INC., a Florida corporation, individually and as the representative of a class of similarly situated persons, Plaintiff,

v.

DJM ADVISORY GROUP LLC, Banner Life Insurance Company, William Penn Life Insurance Company of New York and John Does 1-10, Defendants.

Case No: 2:15-cv-793-FtM-29MRM

United States District Court,
M.D. Florida,
Fort Myers Division.

Signed 11/02/2016

Ryan M. Kelly, Ross M. Good, Anderson & Wanca, Rolling Meadows, IL, for Plaintiff.

A. Brian Phillips, A. Brian Phillips, PA, Orlando, FL, John H. Gionis, Nicole L. Milone, Paul B. Sweeney, Certilman, Balin, Adler & Hyman, LLP, East Meadow, NY, Francis X. Nolan, Sutherland, Asbill & Brennan, LLP, New York, NY, Lewis S. Wiener, Sutherland, Asbill & Brennan, LLP, Washington, DC, Patricia A. Gorham, Sutherland, Asbill & Brennan, LLP, Atlanta, GA, for Defendants.

## ORDER

MAC R. MCCOY, UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Motion and Incorporated Memorandum in Support of Motion for Entry of Protective Order Regarding Computer Forensic Discovery (Doc. 40), Defendants Banner Life Insurance Company's and William Penn Life Insurance Company of New York's opposition thereto (Doc. 43), and Defendants Banner Life Insur-

ance Company and William Penn Life Insurance Company of New York's Notice to the Court (Doc. 52).

The Court held a telephonic discovery hearing on October 26, 2016 to hear oral argument on the issues presented by Plaintiff's Motion. At the conclusion of that hearing, the Court took the parties' arguments under advisement and orally ordered Banner Life Insurance Company and William Penn Life Insurance Company (the "Insurance Company Defendants") to submit a counter-proposed protective order for the Court's consideration. The Insurance Company Defendants filed a notice attaching their counter-proposed protective order on October 28, 2016. (Doc. 52). Because the Insurance Company Defendants' opposition brief seeks affirmative relief concerning a proposed protective order and entry of a competing version of a protective order (see Doc. 43 at 8), the Court construes the opposition to be a cross-motion for entry of the competing protective order (Doc. 52-1).

For the reasons set forth below, the Court **DENIES** Plaintiff's Motion (Doc. 40) and **GRANTS IN PART** and **DENIES IN PART** the Insurance Company Defendants' cross-motion (Doc. 43) as construed by the Court.

## ANALYSIS

Plaintiff asks the Court to enter a proposed Protective Order Regarding Computer Forensic Discovery (see Doc. 40-3), which Plaintiff has negotiated with a third-party subpoena recipient, FaxVantage, concerning certain electronically stored information ("ESI") to be produced by FaxVantage to Plaintiff in response to the subpoena. According to Plaintiff, "[o]n August 4, 2016, Lenny Stein ('Stein'), owner of FaxVantage, testified that some information responsive to the records subpoena could be contained on a hard drive that is already in the possession of Plaintiff's computer forensic expert, Robert Biggerstaff." (Doc. 40 at 2). Moreover, "Stein believes that at least some of the information may be confidential and should be protected from disclosure other than for the use in this lawsuit." (Id.). Based upon Mr. Stein's testimony, Plaintiff asks this Court to enter a protective order establishing a process by which Plaintiff's non-lawyer computer forensic expert, Mr. Biggerstaff, will create a mirror image of the hard drive and "examine any ELECTRONIC DATA that exists or may have been deleted that exists with regard to" six (6) enumerated categories of documents and information. (Doc. 40-3 at ¶ 3).

Non-party FaxVantage and Defendant DJM Advisory Group LLC ("DJM") do not object to the form of the protective order proposed by Plaintiff. (Doc. 40 at 2). However, the Insurance Company Defendants have interposed objections to the proposed protective order on relevance and proportionality grounds. (See Doc. 43 at 1-2).

On the issue of relevance, the Insurance Company Defendants argue that FaxVantage merely sold fax lists to DJM. (Id. at 2). The Insurance Company Defendants contend DJM did not use FaxVantage to send faxes. (Id. at 3). The Insurance Company Defendants take the position, therefore, that the only relevant contents of FaxVantage's hard drive are the fax lists sold to DJM. (Id.). The Insurance Company Defendants ask the Court to limit the scope of the protective order to allow Plaintiff access to the fax lists allegedly sold by non-party FaxVantage to Defendants, and nothing else. (Id. at 8; Doc. 52-1 at ¶ 3). Specifically, the Insurance Company Defendants' counter-proposed protective order would permit the forensic examiner to "create, locate and retrieve fax lists sold by FaxVantage to Defendant DJM Advisory Group, LLC." (Doc. 52-1 at ¶ 3). The counter-proposed protective order would also establish a process by which the Insurance Company Defendants may review the fax lists for relevance prior to production to Plaintiff. (Id. at ¶¶ 5-6).

On the issue of proportionality, the Insurance Company Defendants do not affirmatively address any of the factors listed in Fed. R. Civ. P. 26(b)(1). (Doc. 43 at 4-7). Instead, they criticize Plaintiff's Motion for failing to address proportionality in the first instance. (Id. at 5-6).

■ As a threshold matter, the Court finds that the Insurance Company Defendants may properly interpose objections on

relevance and proportionality grounds to the discovery Plaintiff seeks to obtain from Fax-Vantage by subpoena. *See Auto–Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429–430 (M.D. Fla. 2005) (finding that defendants have standing to move for a protective order if a subpoena issued to a non-party seeks irrelevant information); *see also Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 307 and 312 (S.D. Ind. 2016) ("Suffice it to say, this court has no doubt it has the constitutional power to adjudicate [a party's] objections to the subpoenas issued to [a non-party] in this litigation. Moreover … the discovery rules expressly empower—and direct the court—to manage discovery and to act *sua sponte* if necessary to ensure discovery is proportional to the needs of the case.").

██ With regard to relevance, the Court finds that Plaintiff has failed to demonstrate how all of the discovery sought from Fax-Vantage's hard drive is relevant to the claims and defenses in this litigation.[1] The potential relevance of the ESI sought is not readily apparent to the Court given the limited role that FaxVantage appears to have played in connection with this case. Plaintiff has not offered any specific explanation as to why the discovery is relevant, other than Plaintiff's presently uncorroborated speculation that the hard drive may contain correspondence between the FaxVantage and the Defendants concerning compliance with the TCPA. In the absence of a cogent explanation as to why all of the discovery sought (as described in the underlying subpoena (Doc. 40-1) or in Plaintiff's version of the protective order (Doc. 40-3 at ¶ 3)) is relevant to the claims and defenses in this litigation and/or some indication in the record that FaxVantage and Defendants actually communicated concerning compliance with the TCPA, this Court will not adopt or approve a proposed protec-

tive order that (1) is tantamount to a fishing expedition and (2) is susceptible to abuse and misuse for purposes unrelated to this litigation.

The Court acknowledges the slew of examples cited by the Plaintiff of other federal and state trial courts that have entered similar proposed protective orders in TCPA cases. (*See* Doc. 40-5 through 40-7). The Court does not, however, find those examples to be controlling or persuasive here. This Court has no information concerning: (1) the specific claims and defenses asserted in those other cases; (2) the objections (if any) raised by the non-party subpoena recipients in those cases; (3) the objections (if any) raised by the defendant(s) in those cases; (4) the level of meaningful scrutiny any of the other courts exercised before approving the proposed protective order presented to them; (5) the other courts' reasons for adopting the proposed protective order over, as applicable, the objection(s) of either the affected third-party or the defendant(s) in those cases; or (6) whether the other courts even considered the issues that this Court is asked to consider here.

Moreover, the Court acknowledges that it entered a similar agreed protective order earlier in this case concerning the forensic process by which Defendant DJM's computer would be searched for responsive documents and information (Doc. 38). However, none of the Defendants ever objected to that agreed protective order at the time it was submitted to the Court for approval. (*See* Doc. 37). Now that the Insurance Company Defendants have interposed objections to the proposed protective order governing non-party Fax-Vantage's production, the Court has occasion to consider, *inter alia*, the relevance of the discovery sought.

---

1. The Court has serious reservations concerning the proposed forensic process by which Plaintiff's expert, Mr. Biggerstaff, is expected to search for, identify, and produce ESI from the hard drive because (1) Mr. Biggerstaff, as a non-lawyer technician, is not presumptively competent to make relevance determinations and (2) the competing protective orders do not address the specifics of the forensic processes to be utilized. Because the Insurance Company Defen-

dants have not opposed the protective order on these grounds, however, the Court need not address them. The Court has, however, taken some of its own concerns into account in crafting the modified procedures outlined in this Order. The Court deems these procedures to be reasonable and necessary to balance and protect the interests of all the parties and non-parties affected by this dispute.

Nevertheless, the Insurance Company Defendants plainly concede that the fax lists allegedly sold by FaxVantage to DJM are relevant to the claims and defenses in this litigation. In light of that concession, the Court will permit the production of the fax lists subject to the conditions and procedures set forth below.

With regard to proportionality, neither the Plaintiff nor the Insurance Company Defendants make any argument concerning the factors identified in Fed. R. Civ. P. 26(b)(1). For that reason, the Court makes no finding at this time concerning whether the discovery sought is proportional to the needs of this case.

## CONCLUSION

Based upon the foregoing and being otherwise fully informed, the Court **ORDERS** that:

1. Plaintiff's Motion and Incorporated Memorandum in Support of Motion for Entry of Protective Order Regarding Computer Forensic Discovery (Doc. 40) is **DENIED**.

2. Defendants Banner Life Insurance Company [sic] and William Penn Life Insurance Company of New York's Opposition to Plaintiff's Motion for Entry of Protective Order Regarding Computer Forensic Discovery (Doc. 43), construed as a cross-motion for protective order, is **GRANTED IN PART** and **DENIED IN PART**. The cross-motion is granted to the extent the Insurance Company Defendants seek a protective order limiting FaxVantage's production to the fax lists FaxVantage allegedly sold to Defendant DJM. The cross-motion is otherwise denied.

3. Each party shall bear its own fees and costs associated with this discovery dispute.

4. The Court enters the following Protective Order governing computer forensic discovery in this case relating to the FaxVantage hard drive designated as Seagate 2000GB Barracuda, Serial #Z3408K 48:

a. As used in this Protective Order, the term ELECTRONIC DATA refers to the hard drive identified above and all electronically stored information contained on that hard drive.

b. FaxVantage will send the hard drive containing ELECTRONIC DATA to Robert Biggerstaff ("Biggerstaff"), Plaintiff's expert, a computer forensic examiner.

c. The purpose and scope of Biggerstaff's analysis of the ELECTRONIC DATA is (1) to create a mirror image of the hard drive and the ELECTRONIC DATA, (2) to preserve the mirror image of the hard drive and the ELECTRONIC DATA for the duration of this litigation, and (3) to locate, preserve, and prepare for production the relevant fax lists sold by FaxVantage to Defendant DJM Advisory Group, LLC ("Fax Lists").

d. Biggerstaff will locate, preserve, and prepare for production the Fax Lists specified in paragraph 4(c) above. Biggerstaff will prepare, to the extent practicable, a copy of the relevant Fax Lists on CD, DVD, or other appropriate electronic storage media, for submission to counsel for FaxVantage.

e. Biggerstaff shall submit by e-mail or other electronic means the relevant Fax Lists specified in paragraph 4(c) above to counsel for FaxVantage prior to any disclosure to Plaintiff, Plaintiff's counsel, Defendants, or Defendants' counsel. Counsel for FaxVantage may review the Fax Lists for the purpose of identifying any objections FaxVantage may have concerning disclosure of the Fax Lists in this litigation. Counsel for FaxVantage shall have fourteen (14) days following receipt of the Fax Lists to notify Biggerstaff, Plaintiff, and Defendants in writing whether FaxVantage objects to producing the Fax Lists. If FaxVantage asserts any objection(s), FaxVantage, Plaintiff, and Defendants shall promptly meet and confer in compliance with Local Rule

3.01(g) to attempt to resolve any disputes concerning FaxVantage's objection(s). In the event any dispute cannot be resolved, Plaintiff shall promptly file an appropriate motion seeking relief from the Court.

f. If FaxVantage does not assert any objection(s) or if FaxVantage does not provide timely notice of its objection(s) in writing within the timeframe specified in Paragraph 4(e) above, Biggerstaff shall promptly provide electronic copies of the Fax List(s) to counsel for Plaintiff and counsel for each of the Defendants.

g. Biggerstaff shall not disclose to Plaintiff, Plaintiff's counsel, Defendants, or Defendants' counsel any information or data Biggerstaff accesses on the hard drive except as to the Fax Lists described in Paragraph 4(c) above and only after any objection(s) raised by FaxVantage are fully resolved by this Court.

h. Biggerstaff shall return the hard drive containing the ELECTRONIC DATA to FaxVantage within fourteen (14) days after Biggerstaff transmits copies of the Fax Lists to Plaintiff's counsel and counsel for each of the Defendants.

i. Biggerstaff shall retain and preserve the mirror image of the hard drive for the duration of this litigation, including any appeals. Upon written demand by FaxVantage made within thirty (30) days after the conclusion of this litigation, including any appeals, Biggerstaff shall either (1) return all storage media containing the mirror image of the hard drive (and all copies thereof) to FaxVantage or (2) certify in writing to FaxVantage that all mirror images of the hard drive and the ELECTRONIC DATA copied therefrom in Biggerstaff's possession or custody have been destroyed or permanently deleted. Even if FaxVantage fails to make a written demand pursuant to this Paragraph, Biggerstaff may not thereafter use or disclose any ELECTRONIC DATA obtained from the hard drive for any purpose not expressly authorized by this Order, by a subsequent order of this Court, or by a subsequent order of another court of competent jurisdiction.

j. Biggerstaff shall not conduct any forensic analysis or examination of the hard drive or the ELECTRONIC DATA except as authorized by this Order, by a subsequent order of this Court, or by a subsequent order of another court of competent jurisdiction. The Court specifically declines at this time to authorize Biggerstaff to conduct any forensic analysis or restoration of deleted ELECTRONIC DATA located on the hard drive because Plaintiffs have not shown that such efforts are legally or factually warranted under the circumstances of this case.

k. Plaintiff's counsel shall provide a copy of this Order to Biggerstaff and counsel for FaxVantage within three (3) business days of the date of this Order. Plaintiff's counsel shall have a continuing obligation in this litigation to provide Biggerstaff and counsel for FaxVantage with a copy of any subsequent order(s) by this Court impacting Biggerstaff's responsibilities relating to the hard drive or the ELECTRONIC DATA within three (3) business days of the date of any such subsequent order.

**DONE AND ORDERED.**